UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| OMAR HUTCHINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAULA HOFFMAN-PHILLIPS, et al., )<br>)<br>Defendants. ) | No. 1:11CV198 LMB |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Omar Hutchinson (registration no. 33789), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.80. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $13.50, and an average monthly balance of $28.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.80, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Paula Huffman-Phillips (Functional Unit Manager, SECC), Crystal Steward (Classificational Caseworker, SECC), John Roach (Correctional Officer, SECC), and Carol Bates (Toxicology Lab Manager, Missouri Department of Corrections ("MoDOC")).

Plaintiff alleges that defendant Roach took a urinalysis sample from him and sent it to MoDOC's toxicology lab, where defendant Bates processed the labs. Plaintiff says that Bates knowingly processed the labs incorrectly, which Bates knew could cause a false positive for ketamine. Plaintiff claims the test came back positive for ketamine, which resulted in him receiving a conduct violation and spending six months in administrative segregation. Plaintiff maintains that the result of the test is a false positive. Plaintiff asserts that Roach was also aware of the problems with the

lab results. Plaintiff alleges that, in addition to receiving six months of administrative segregation time, this matter may prevent him from qualifying for parole in the future. Plaintiff further alleges that defendants Hoffman-Phillips and Steward arbitrarily assigned him to administrative segregation even though they knew there were problems with the procedures in the lab that caused false positives for ketamine.

Plaintiff argues that his right to due process was violated because he was arbitrarily placed in administrative segregation based on lab reports defendants knew to be untrue. Plaintiff further alleges that Bates was deliberately indifferent to his rights by using a test known to be faulty.

**Discussion**

An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative

segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell).  As a result, the allegations relating to plaintiff's placement in administrative segregation fail to state a claim upon which relief can be granted.

Furthermore, plaintiff's allegations that Bates conducted faulty lab tests do not implicate the Eighth Amendment because placement in administrative segregation for six months does not constitute cruel and unusual punishment.

Finally, plaintiff's claim that he may one day be denied parole is speculative and may not give rise to relief under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.80 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of November, 2011.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE